IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01549-WJM-MEH

EL TEJADO BROADWAY, INC.,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court sua sponte due to Plaintiff's failure to respond to this Court's order to show cause. The Court recommends that this case be **dismissed with prejudice**.[1]

The Plaintiff initiated this action on June 23, 2017. ECF No. 1. On October 17, 2017, I granted Plaintiff's request to stay the case, pending an appraisal of its property after the property was damaged in a hail storm. ECF No. 25. That stay remains in effect.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

On September 13, 2018, Plaintiff's counsel filed a motion to withdraw as attorney. ECF No. 30. Because this motion would leave the Plaintiff corporation unrepresented, I set a hearing on the motion and required a representative of Plaintiff to appear at the hearing in person. ECF No. 32. Further, I required Plaintiff's counsel to file a certificate of service demonstrating that Plaintiff had been served a copy of my order setting the hearing. *Id.* Plaintiff's counsel timely complied with this order. *See* ECF No. 33.

At the October 9, 2018 hearing, Plaintiff's counsel appeared but a representative of Plaintiff did not. *See* ECF No. 34. After Plaintiff's counsel described his unsuccessful attempts to contact his client prior to the hearing, I granted the motion to withdraw. *See id.* Consequently, the Plaintiff corporation was left unrepresented and unable to appear before the Court. *Mahajan v. Boxcar Holdings, LLC*, No. 18-cv-00533-MEH, 2018 WL 3056072, at *1 (D. Colo. Apr. 27, 2018) ("[A] corporation may appear in the federal courts only through licensed counsel.'"). Therefore, I issued an order to show cause directing Plaintiff to explain why I should not recommend its case be dismissed for failure to prosecute by October 23, 2018. ECF No. 35. That date has come and passed, and Plaintiff has not responded to the order.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). However, a dismissal with prejudice is a more severe sanction and, generally, requires the district court to consider certain criteria. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assoc., Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009). The Tenth Circuit set forth a non-exhaustive list of factors a district court should consider when evaluating grounds for dismissal of an action with prejudice: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.,* 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus,* 965 F.2d at 921).

The Court finds the first factor is neutral since, although the Defendant has been named in a lawsuit, the case is currently stayed. However, Plaintiff's lack of response to this Court's orders and its failure to participate has interfered with the judicial process in that the Court has been unable to advance this case. Additionally, the necessity of issuing an order to show cause increases the workload of the Court and interferes with the administration of justice.

Furthermore, Plaintiff has provided no justification for its failure to respond to Court orders and to participate in the litigation; its culpability is evident. Plaintiff was warned in the order to

show cause that the Court would recommend dismissal for his failure to prosecute; yet, he has made no response. Finally, the Court finds that no sanction less than dismissal with prejudice would be effective here. Plaintiff has essentially abandoned this litigation; thus, no monetary sanction would be practical. The Court concludes that dismissal with prejudice is the appropriate result.

In sum, Plaintiff appears to have abandoned its claims in this matter. It has failed to prosecute the case with due diligence by his failure to appear at the motion hearing and to respond to this Court's order to show cause. Therefore, dismissal of this action against Defendant is warranted.

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I respectfully **recommend** that the Honorable William J. Martinez dismiss this case with prejudice for Plaintiff's failure to prosecute this action.

Dated this 25th day of October, 2018, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge